

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PATRICK J. McCANN,

        Plaintiff,

v.

Deputy KEN NEILSEN, in his individual capacity,

        Defendant.

No. 03 C 7955

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On November 7, 2003, plaintiff Patrick J. McCann ("McCann") filed a complaint against Deputy Ken Neilsen ("Deputy Neilsen"), in his individual capacity, alleging under 42 U.S.C. § 1983 that on November 9, 2001 Deputy Neilsen used excessive force in violation of the Fourth Amendment while arresting McCann. Before this court is Deputy Neilsen's Motion for Judgment on the Pleadings filed on January 14, 2005. For the following reasons, Deputy Neilsen's Motion for Judgment on the Pleadings is granted.

## BACKGROUND

McCann's complaint alleges that on November 9, 2001 he "was lawfully present" near railroad tracks in Ridgefield, Illinois, and that he "did not pose a threat of violence or great bodily harm to [Deputy Neilsen], was not in the commission of a forcible felony nor was he attempting to resist, escape or defeat an arrest." (Compl. ¶ 5, 6.) Nevertheless, according, to McCann's complaint, Deputy Neilsen "without justification, shot [McCann] causing serious injury." (*Id.* ¶ 7.) Deputy Neilsen's motion for judgment on the pleadings refers the court to the

fact that McCann was charged with and convicted of aggravated assault, 720 ILCS 5/12-1, 5/12-2, and for obstructing a peace officer, 720 ILCS 5/31-1, for the confrontation that occurred on November 9, 2001 and led to the shooting of McCann by Deputy Neilsen.

## STANDARD OF REVIEW

"Rule 12(c) permits a party to move for judgment after the parties have filed the complaint and the answer." *N. Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (citation omitted). A rule 12(c) motion is reviewed "under the same standard as a motion to dismiss under Rule 12(b)." *Id.* (citation omitted). A court will only grant a Rule 12(c) motion by the plaintiff if it appears beyond doubt that the defendant can prove no set of facts that would support its claim or defense. *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 718-19 (7th Cir. 2002).

When presented with a Rule 12(c) motion, a court may not consider matters outside of the pleadings, but an exception to that general rule is that a "court may . . . take judicial notice of matters of public record." *Henson v. CSC Credit Serv.*, 29 F.3d 280, 284 (7th Cir. 1994). "The most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records." *General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1082 (7th Cir. 1997) (quoting 21 Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice & Procedure: Evidence*: § 5106, at 505 (1st ed. 1977 & Supp. 1997)).

## ANALYSIS

The central question presented by the parties is whether McCann's section 1983 suit for excessive force is barred by the Supreme Court decision of *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *Heck* bars a convicted criminal from bringing a civil action

that might call into question the validity of his conviction unless that conviction has been set aside. *See* 512 U.S. at 486-87, 114 S.Ct. 2364. Deputy Neilsen argues that under *Heck,* McCann's convictions for obstructing a peace officer, 720 ILCS 5/31-1, and aggravated assault, 720 ILCS 5/12-1, 5/12-2, bar his current claim.

Specifically, Deputy Neilsen argues that McCann cannot prevail on his excessive force claim because at the time he was shot McCann was allegedly wanted by the police for allegedly beating and raping his estranged girlfriend.[1] After receiving a radio dispatch about McCann's alleged crimes, Deputy Neilsen argues he came across McCann and attempted to arrest him, but McCann resisted arrest by allegedly threatening Deputy Neilsen with a spike type weapon. At this point, Deputy Neilsen shot McCann. Deputy Neilsen supports the facts regarding McCann's status as a suspected felon, and McCann's threatening of Neilsen with a weapon, with transcripts of testimony at the trial where McCann was convicted of aggravated assault and obstructing a peace officer. (Def.'s Mot., Dkt. No. 13, Ex. C.) McCann objects to this court's consideration of the trial transcripts at this point in the proceeding.

As explained below, this court finds it unnecessary to rely on the alleged facts of McCann's status as a suspected felon and his alleged threatening of Deputy Neilsen with a weapon. On a motion for judgment on the pleadings, this court may consider McCann's convictions for aggravated assault and obstructing a peace officer. *General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1082 (7th Cir. 1997). McCann has not objected

---

[1] Deputy Neilsen supported this contention with a transcript of court proceedings on May 24, 2004, in the Nineteenth Judicial Circuit, Mc Henry County, Illinois where McCann pleaded guilty to the felonies of home invasion and aggravated domestic battery. (Def.'s Mot., Dkt. No. 13, Ex. B. at 2.) McCann was sentenced to 11 years in prison. (*Id.* at 18.) Deputy Neilsen does not rely upon these convictions for his argument that *Heck* bars McCann's claim.

to this court's consideration of his convictions for aggravated assault and obstructing a peace officer. (Pl.'s Resp., Dkt. No. 32, at 5-6.) McCann has admitted in his filings in this case that he was convicted of those crimes. (*Id.* at 13, 14.) Comparing the allegations in McCann's complaint to those convictions makes clear that Deputy Neilsen is correct that under *Heck* McCann's claim is barred.

Under Seventh Circuit precedent, whether a claim is barred by *Heck* turns on the plaintiff's allegations. *Okoro v. Callaghan*, 324 F.3d 488, 489-91 (7th Cir. 2003). In *Okoro*, the plaintiff, Ralphael Okoro ("Okoro"), had been convicted of a drug crime. The defendant federal and state officers had arrested Okoro in his home and had testified at his criminal trial that Okoro had tried to sell them heroin. According to Okoro, he had not tried to sell heroin, but had tried to sell gems to the officers. Again according to Okoro, the officers had concocted the story about the heroin in order to steal the gems and cash that belonged to Okoro. At Okoro's criminal trial, the jury believed the officers and convicted Okoro of a drug crime.

Okoro was not finished. While in prison for his drug crime, Okoro filed suit seeking the return of the gems and cash that he alleged the officers had stolen. This is the suit that led to the Seventh Circiut's decision in *Okoro v. Callaghan*, 324 F.3d 488 (7th Cir. 2003). Before the district court, the defendant officers pleaded *Heck*, but the district court rejected the *Heck* argument "because of the theoretical possibility . . . that the defendants had both found illegal drugs in Okoro's home and stolen gems and cash that they also found there." *Okoro*, 324 F.3d at 490. The district court's logic was that *Heck* did not bar the claim because it was theoretically possible for Okoro to be guilty of the drug crime, but also the victim of a theft by the officers. The Seventh Circuit disagreed with the district court's reliance on that theoretical possibility, and

4

explained that Okoro's claim was barred by *Heck*.

The Seventh Circuit did not disclaim the possibility that Okoro could have maintained a claim that the defendants violated his civil rights by stealing gems and cash while admitting the facts underlying his drug conviction. In fact, the Seventh Circuit explained that Okoro could have made such a claim – limited to the allegation that the defendant officers improperly took cash and gems – because it "would cast no cloud over the [drug] conviction," and therefore would not have been barred by *Heck*. *Id.* at 490. Furthermore, Okoro could have maintained his claim about the stolen gems and avoided *Heck* if he had simply remained silent about the drugs, because "then he wouldn't be actually challenging the validity of the guilty verdict." *Id.* at 490. Okoro did not so limit his claim, but instead "steadfastly" held to the position "that there were no drugs, that he was framed," *Id.* at 490, and in so doing pled himself into *Heck* territory because as the Seventh Circuit explained: "[I]f [the plaintiff] makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit." *Id.* (citing *Edwards v. Balisok*, 520 U.S. 641, 646-48, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Ryan v. DuPage County Jury Commission*, 105 F.3d 329, 330-31 (7th Cir. 1996) (per curiam)).

McCann has similarly pled himself into *Heck* territory. McCann's complaint alleges that during the confrontation giving rise to this suit he "was lawfully present" and "did not pose a threat of violence or great bodily harm to [Deputy Neilsen], was not in the commission of a forcible felony nor was he attempting to resist, escape or defeat an arrest." (Compl. ¶ 5, 6.) The problem for McCann, just like the plaintiff in *Okoro*, is that these allegations necessarily call into question McCann's convictions for obstructing a peace officer and aggravated assault.

The obstruction crime of which McCann stands convicted occurs "when one knowingly

5

resists or obstructs the performance by one known to the person to be a peace officer . . . of any authorized act within his official capacity." 720 ILCS 5/31-1. Therefore, McCann cannot now allege that he was not "attempting to resist, escape or defeat an arrest" (Compl ¶ 5, 6), because that allegation necessarily calls into question his conviction for obstructing a peace officer. The assault crime of which McCann stands convicted is defined as follows: "A person commits an assault when, without lawful authority, he engages in conduct which places another in reasonable apprehension of receiving a battery." 720 ILCS 5/12-1.[2] Therefore, McCann cannot now allege that "he did not pose a threat of violence" to Deputy Neilsen because that allegation would necessarily call into question his conviction for assault.

McCann argues that *Heck* is inapposite to this case and musters two arguments in support. McCann first argues, without any citation to any authority, that *Heck* "has no application to § 1983 claims due to the excessive use of force" but only applies to claims for "unconstitutional conviction or imprisonment." (Pl.'s Resp., Dkt. No. 32, at 14.) This court disagrees. The Supreme Court did not limit its decision in *Heck* to only bar claims for unconstitutional conviction or imprisonment. As the Supreme Court explained in *Heck*, a plaintiff in a section 1983 suit cannot "recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused* by actions whose unlawfulness would render a

---

[2] McCann was convicted of aggravated assault. 720 ILCS 5/12-2. An assault, 720 ILCS 5/12-1, can be aggravated for a number of stautorily defined reasons. 720 ILCS 5/12-2. McCann's conviction was likely aggravated either because he used a deadly weapon, 720 ILCS 5/12-2(a)(1), or because he knew his victim to be a peace officer, 720 ILCS 5/12-2(a)(6), or possibly on both of those bases. Regardless, as explained above, it is not necessary to the disposition of this case to determine the disputed issue why McCann's assault conviction became aggravated. It is enough that McCann's complaint alleges facts inconsistent with his conviction for assault.

conviction or sentence invalid" until that conviction or sentence has been overturned. *Heck*, 512 U.S. at 486-87, 114 S.Ct. 2364 (emphasis added). Consistent with the pronouncement of the Supreme Court, other courts have held that *Heck* may apply to claims of excessive force. *See e.g.*, *Sappington v. Bartee*, 195 F.3d 234 (5th Cir. 1999); *Loveday v. Village of Villa Park*, 2004 WL 1878837 (N.D. Ill. Aug. 17, 2004); *Holder v. Ivanjack*, 93 F.Supp.2d 933, 938-39 (N.D. Ill. 2000). The Seventh Circuit's decision in *Okoro* is also instructive on this issue because in that case the Court applied *Heck* to a suit where a convicted criminal was "seeking the return of gems and cash" allegedly illegally seized by state and federal law enforcement officials. *Okoro*, 324 F.3d at 489. That request for the return of allegedly stolen property in *Okoro* would fall outside of McCann's purported limitation on *Heck*.

McCann's second argument opposing the application of *Heck* is that even conceding the validity of his convictions for aggravated assault and obstructing a peace officer, Deputy Neilsen still was not justified in shooting McCann. In short, McCann argues that it is theoretically possible for a person to be guilty of the crimes of aggravated assault and obstructing a peace officer, and also be the victim of unconstitutional excessive force. That may very well be true, but as explained above, the Seventh Circuit has made clear that it is error to consider that "theoretical possibility." *Okoro*, 324 F.3d at 490. "[McCann] is the master of his ground." *Id.* He may have avoided *Heck* by admitting that he was guilty of aggravated assault and obstructing a peace officer, or by simply remaining silent about the facts regarding those convictions. *Id.* When allegations are made "that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars [a convicted defendant's] civil suit." *Id.*

7

## CONCLUSION

Deputy Neilsen's Motion for Judgment on the Pleadings (Dkt. No. 13) is granted. Judgment is entered in favor of defendant Deputy Neilsen and against plaintiff McCann. Costs are to be assessed.

ENTER:

JAMES F. HOLDERMAN
United States District Judge

DATE: May 25, 2005.